Blakely v. Duncan.

---

*J. B. Jones*, for defendant in error.

---

## BLAKELY'S ADM'R V. DUNCAN.

In suits for the recovery of slaves or other personal property which is susceptible of division and distinct valuation, the jury should find the separate value of each slave or article. (Note 38.)

The measure of damages for the detention of a slave, in the absence of allegations and proof of specific damage, is the interest on the valuation of the slave at the time of the conversion.

The damages for the detention of a slave should be found separately from the value of the slave.

It *seems* that where a defendant is sued for specific articles, as slaves, he ought not to be cut off by the form of the judgment from the right to deliver them up in satisfaction, even where he has sold them, for he may purchase them again.

Appeal from Fort Bend. One Tyler was indebted to Duncan. Duncan employed Blakely, who was an attorney at law, to collect the money. Blakely received from Tyler, in payment of the debt, three negro slaves, Jenny, Nicey, and her child Isaac. This occurred in the State of Mississippi. Blakely, instead of delivering the slaves to Duncan, brought them to Texas. This suit was brought to recover the slaves. There was a verdict for the plaintiff as follows:

## Blakely v. Duncan.

"We find for the plaintiff the negroes in the petition named: [185] a woman named Jenny, worth three hundred dollars, Nicey and her child, worth five hundred dollars, if the negroes can be found; otherwise we find for the plaintiff eleven hundred and nine dollars and thirty cents." Judgment was entered accordingly.

*Wenger*, for appellant. The verdict should have found so much for each negro, so that the defendant might have returned those living and paid for those that might be dead.

*Harris* and *Webb*, for appellee.

LIPSCOMB, J. The appellee assigned in this court several grounds on which he asks the reversal of the judgment. We do not consider any of them material but those taken to the verdict and judgment. The verdict is supposed to be erroneous in this that it finds the value of the woman Nicey and her child jointly. In actions of this kind for property susceptible of a division and a distinct valuation, it is believed that the rule of law is well settled that the jury should find the separate value of each; and the reason is obvious: that, as the judgment is in the alternative, and as the property may be surrendered in discharge of such valuation, if it was not so assessed, it would be impossible to deliver part without delivering all the property so assessed in the aggregate. It would be competent for the jury, in assessing the value of each slave separately, to include in such valuation the amount of damages for his detention; and in estimating this amount the rule is believed to be interest on the valuation at the time of conversion of such slave to the use of the defendant; the interest is not given *eo nomine*, but is assumed as the standard of damage. When the verdict is so found, a surrender of each one is satisfaction according to the appropriate finding of the jury of each of such slaves so assessed. In the verdict under consideration the jury have assessed the value [186] of one of the slaves sued for separately, but the other two have been assessed at their aggregate value. Suppose the defendant might wish to surrender one of these two so jointly assessed: neither the verdict nor the judgment would furnish a basis of the valuation of the one so surrendered. It is presumed that the jury made the amount assessed in the aggregate by putting together the aggregate of their valuation and damages for detention. But in doing so they have presented the same obstacles, in the event of a part being so surrendered; because that it is not a fair presumption that the damage for detention was equal on each several slave. This objection could, however, have been gotten over, had the valuation and the damage for the detention of each been made severally, even if the total of each had then been summed up together by the jury; because then certain data would have been supplied for ascertaining the amount. The aggregate or sum total should be credited by the surrender of any part of the negroes. It was said in the argument that one of the slaves was assessed separately by the finding; and that as it was in proof that the defendant had sold the other two, that as they were beyond his control, it would have been wholly useless to have found the value of them severally. This proposition is not believed to be sound, because the same difficulty would remain as to the damage for the detention. And again, if he had sold them, he ought not to be cut off from the right to purchase them again, for the purpose of surrendering them in satisfaction, if he wished to do so. Because then there was error in the verdict and the judgment, the judgment is reversed and the cause remanded.

Judgment reversed.